UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                            Case No. 07-20292

MARK JEFFREY WARD,                       HON. AVERN COHN

    Defendant/Petitioner.

_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT/PETITIONER'S MOTION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(c)(2) (Doc. 21)

### I. Introduction

This is a criminal case. Before the Court is defendant/petitioner Mark Jeffrey Ward's motion for modification or reduction of sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion is GRANTED.

### II. Background

On November 14, 2007 Ward pled guilty to possession with intent to distribute cocaine base - crack, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) and § 924(a)(2) (Count Five).

The plea agreement called for a guideline range of 87-108 months, based in part on the application of the safety valve. The probation department, however, calculated the guideline range as 57-71 but also concluded that Ward was not eligible for the safety valve; therefore the guideline range was set at the 120 month mandatory

minimum.  See 21 U.S.C. § 841(b) and U.S.S.G. §5G1.1.

On June 10, 2008, the Court sentenced Ward to 108 months imprisonment, the top of the guideline range.  The Court found that the safety valve did apply and therefore accepted the sentencing range in the plea agreement.

In 2010, Congress passed the Fair Sentencing Act (FAS) which has increased the quantities of cocaine base (crack) needed to trigger the mandatory minimum sentences.  Ward now moves the Court for a modification or reduction of his sentence under the FSA.

### III.  Analysis

18 U.S.C. § 3582(c)(2) provides in relevant part:

(1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
(A) none of the amendments listed in subsection (c) is applicable to the defendant; or
(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

The government concedes in its response and supplemental response[1] that

---

[1] The Court directed the government to file a supplemental response addressing the impact, if any, of the Sixth Circuit's decision in United States v. Blewett, 746 F.3d 647 (6th Cir. 2013)(en banc).  The government explained that Blewett would preclude the Court from considering Ward's motion if the Court had found that Ward was subject to the 120 month mandatory minimum because Ward was sentenced before the FSA was passed.  However, because the Court did not find that the 120 month mandatory

>if left intact, the Court's application of the safety valve in a § 3582(c) sentence reduction or modification would authorize the court to limit the application of the mandatory minimum sentence and provide the court with discretion to impose a modified or reduced sentence within the 57-71 month range, which is the post-FSA range if the safety valve is applied.

Doc. 27 at p. 5.

Ward is entitled to a sentence reduction. The safety valve still applies. Thus, Ward's post-FSA guideline range is now 57-71 months. The government argues that the Court should impose a "comparable" sentence of 71 months, the top of the post-FSA guideline range. Given that Ward was sentenced over 72 months ago, it matters little if Ward receives a 71 month or 57 month sentence, or something in between. Considering the § 3553(a) factors, the Court finds that a 57 month sentence is fair, just and appropriate under all the circumstances.

A final point. Not mentioned by the government is the fact that Ward is serving a 240 month and 1 day sentence imposed on January 7, 2009 by another judge in this district. That sentence is running concurrently with the sentence in this case. See United States v. Ward, 08-20327. Thus, the Court's grant of relief is largely academic.

The Clerk will enter an amended judgment.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2014
       Detroit, MI

---

minimum applied, Ward is eligible for relief under § 3582(c) based on the post-FSA sentencing range.

3

07-20292 USA v. Mark Jeffrey Ward

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 6, 2014, by electronic and/or ordinary mail.

<u>S/Sakne Chami</u>
Case Manager, (313) 234-5160